IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00529-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. PHILIP R. LOCHMILLER,
    also known as Philip R. Lochmiller, Sr.,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) [Docket No. 699] filed by defendant Philip R. Lochmiller.  The government has filed a response opposing the motion.  Docket No. 701.  Mr. Lochmiller has filed a reply, Docket No. 703, as well as supplemental medical records.  Docket No. 707.

**I.  BACKGROUND**

    On July 21, 2011, a jury found Mr. Lochmiller guilty of one count of conspiracy to commit mail and securities fraud in violation of 18 U.S.C. § 371, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), 19 counts of money laundering in violation of 18 U.S.C. § 1957, and ten counts of money fraud in violation of 18 U.S.C. § 1341.  Docket No. 484.  On March 15, 2012, the Court sentenced Mr. Lochmiller to 405 months' incarceration followed by three years of

supervised release.  Docket No. 642.  Mr. Lochmiller is 72 years old and has served over 100 months of his sentence.  He is currently incarcerated at the Medical Center for Federal Prisoners in Springfield, Missouri ("MCFP Springfield").  His projected release date is December 11, 2040.

On April 14, 2020, Mr. Lochmiller filed the instant motion, requesting that his sentence of incarceration be reduced to time served.  Docket No. 699.  Mr. Lochmiller represents that, during his time in custody, his mental condition has deteriorated and he has been diagnosed with advanced dementia and/or Alzheimer's disease.  *Id*. at 7-9; *see generally* Docket No. 698 (medical records).  Mr. Lochmiller "suffer[s] from occasional episodes of delirium and hallucinations," "is often confused about where he is," "is unable to recognize himself in a mirror," and "has lost much of his ability to communicate."  Docket No. 699 at 8.  In his supplemental brief, Mr. Lochmiller points to medical records from the last year indicating that he is "confused nearly all the time" and "believes staff members are people from his past."  Docket No. 707 at 2.  In January 2020, Mr. Lochmiller tore photos of he and his wife into pieces, telling staff that the man in the photo "isn't me and I don't know that lady."  *Id*. at 2.  Mr. Lochmiller requests that the Court reduce his sentence to time served as a result of his advanced

dementia,[1] arguing that such sentence would be sufficient but not greater than necessary to accomplish the goals of sentencing.

## II. ANALYSIS

"Under § 3582(c)(1)(A)(i)," known as the "compassionate release provision," "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That requirement is satisfied here. Mr. Lochmiller's counsel submitted a request to the warden at MCFP Springfield to bring a motion for sentence reduction on Mr. Lochmiller's behalf on December 31, 2019. Docket No. 699 at 3; Docket No. 701-1. Although the record is less than perfectly clear, such request was received by the warden no later than February 21, 2020, when

---

[1] Mr. Lochmiller also argues that the COVID-19 pandemic justifies his release from custody. Docket No. 699 at 9-10. The government argues that Mr. Lochmiller has not exhausted administrative remedies as to this reason for release. Docket No. 701 at 2-3. The Court need not decide this issue because, as the government concedes, Mr. Lochmiller's advanced dementia is independently an extraordinary and compelling reason that could justify a sentence reduction.

the warden forwarded the request to the Bureau of Prisons with the recommendation that the request be granted. Docket No. 699 at 3. As more than thirty days elapsed from that date before Mr. Lochmiller filed his motion, the Court has jurisdiction to consider the motion.

### A.   Extraordinary and Compelling Reasons

The Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction: (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n.1. Mr. Lochmiller argues that his medical conditions – specifically, advanced dementia and/or Alzheimer's disease – qualify as an extraordinary and compelling reason for a sentence reduction. Docket No. 699 at 6-8. The Sentencing Commission has explained that a defendant's medical condition may be an extraordinary and compelling reason where:

> (i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii)  The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*See* U.S.S.G. § 1B1.13, cmt. n.1(A).

Mr. Lochmiller's medical records indicate that he has suffered from dementia since at least 2014. *See generally* Docket No. 698. The evidence before the Court is that Mr. Lochmiller's dementia is severe and that it is worsening. The government concedes that Mr. Lochmiller's dementia qualifies as a serious medical condition. Docket No. 701 at 4. This determination is consistent with the Sentencing Commission's policy statement explicitly identifying "advanced dementia" as a medical condition that can qualify as an extraordinary and compelling reason to reduce a defendant's sentence. *See* U.S.S.G. § 1B1.13, cmt. n.1(A). There is no information that Mr. Lochmiller is a danger to the safety of any other person or to the community pursuant to 18 U.S.C. § 3142(g). *See id*. § 1B1.13(2). Accordingly, the Court finds that Mr. Lochmiller has demonstrated an extraordinary and compelling reason warranting a sentence reduction.

### B. Section § 3553(a) Factors

Next, the Court must consider whether the factors outlined in 18 U.S.C. § 3553(a) support a sentence of time served – at this point, more than 100 months' incarceration.

The government contends that the § 3553(a) sentencing factors "compel" the Court to deny Mr. Lochmiller's request for a sentence reduction. Docket No. 701 at 4. In particular, the government relies on §§ 3553(a)(2)(A) and (B), which require the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, [and] to afford adequate deterrence to criminal conduct." Mr. Lochmiller's crimes were

serious. As the Court noted at sentencing, the Ponzi scheme established by Mr. Lochmiller was "particularly cruel," as Mr. Lochmiller used his talents to take hard-earned money from hard-working people who had earned it during the prime of their lives. See Docket No. 676 at 45-46. At the sentencing hearing, the Court heard from numerous victims of Mr. Lochmiller's scheme as to how his actions caused them suffering.

However, in terms of affording adequate deterrence to others, there is no reason to believe that granting compassionate release to someone with advanced dementia who is 100 months into a 405-month sentence will fail to provide general deterrence. It is hard to imagine someone who is aware of this order creating a Ponzi scheme based on the assumption he or she will get out of prison early based on medically documented dementia.

Moreover, there is no reason to believe that Mr. Lochmiller, if released, would pose a danger to the public. He now lacks the mental capacity to perpetrate the type of crimes he was convicted of. Indeed, he struggles with the things most people take for granted, such as making telephone calls or speaking in complete sentences. In January of this year, he was seen tearing up a photograph of he and his wife. When asked why he did it, he responded that the man in the picture is not him and he did not know "that lady." Docket No. 707 at 2.

The most important § 3553(a) factor regarding Mr. Lochmiller's motion is the need for a sentence that provides "just punishment for the offense." Continued incarceration of Mr. Lochmiller does not serve a punitive purpose if he does not know

that he is being punished or why. *Cf. Madison v. Alabama*, 139 S. Ct. 718, 728 (2019) (noting that a *"*prisoner's inability to rationally understand his punishment" removes the "retributive purpose" from a prisoner's execution). At the time Mr. Lochmiller was sentenced, the Court found that he deserved a sentence of over 33 years, which, for a 64-year-old man, was in all likelihood a life sentence. Now, however, Mr. Lochmiller's mental condition has dramatically changed. When committing his crimes, Mr. Lochmiller could look a retiree in the eye and take her life savings, knowing she would never get them back. Today, Mr. Lochmiller looks at his own face in a photograph and does not recognize himself. Docket No. 707 at 2. Courts considering compassionate release have acknowledged that a prisoner's severe medical conditions can outweigh the purposes of continued incarceration, even for serious offenses. *See United States v. Gray*, 416 F. Supp. 3d 784, 790 (S.D. Ind. 2019) (granting compassionate release to seriously ill defendant despite the seriousness of his conduct because "further incarceration in his condition would be greater than necessary to serve the purposes of punishment"). Here, the Court is not persuaded that the continued incarceration of Mr. Lochmiller in his condition promotes respect for the law, provides just punishment, or affords deterrence to criminal conduct.

In sum, given his mental condition, reducing Mr. Lochmiller's sentence to time served after 100 months' incarceration is sufficient, but not greater than necessary, to accomplish the goals of sentencing established by 18 U.S.C § 3553(a).

### C. Supervised Release

Section 3582(c)(1)(A) allows the Court, if it grants a motion for a sentence reduction, to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Here, the "unserved portion of the original term of imprisonment" is approximately 307 months. The Court finds it appropriate to extend Mr. Lochmiller's term of supervised release, which was initially three years, to 300 months. *See* Docket No. 642.

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Philip R. Lochmiller's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) [Docket No. 699] is **GRANTED**. It is further

**ORDERED** that the defendant's sentence of incarceration is reduced to time served on all counts pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). It is further

**ORDERED** that, there being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall notify the Court. It is further

**ORDERED** that, pursuant to 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of supervised release of 300 months.  The conditions of the "special term" of supervision shall be the same as those set out in the Judgment [Docket No. 642] entered on March 15, 2012.  It is further

**ORDERED** that, upon completion of the "special term" of supervised release, the defendant shall be placed on supervised release for the originally imposed term of 36 months.  The conditions of this term of supervision shall be the same as those set out in the Judgment [Docket No. 642] entered on March 15, 2012.

DATED July 20, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge